IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 11-40038-01/02/03-RDR**

SERGIO ESTRADA-AYALA,
FERNANDO DIAZ-MARTINEZ and
CIRIACO ARELLANO-BEBOLLAR,

        Defendants.

## O R D E R

This is a case with three defendants which arises from a traffic stop. This order shall address two of the pending motions in this case. Defendant Arellano-Bebollar has filed a motion to join in a motion to suppress filed by defendant Estrada-Ayala. Doc. No. 24. That motion shall be granted.

Defendant Diaz-Martinez has filed a motion to extend the deadline for filing pretrial motions. Doc. No. 26. This motion is unopposed. Counsel for Diaz-Martinez states in the motion that her client speaks no English and that all of the discovery in the case has not been translated and reviewed with him. Defense counsel further states that she has been busy with other litigation and has not had sufficient time to properly draft and complete pretrial motions after communication with her client.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the

Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case.  However, the court finds that the denial of the requested continuance may deny counsel and defendant Diaz-Martinez the time necessary to adequately consider and effectively prepare pretrial motions, taking into account the exercise of due diligence.  The court finds that the continuance is in the interests of the public and the parties because it will permit counsel to fulfill her constitutional obligation to effectively represent her client. The court further finds that defendant Diaz-Martinez and his co-

defendants are incarcerated pending trial.  They are not a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial.  Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant Diaz-Martinez's motion shall be granted and defendant shall be granted time until August 11, 2011 to file pretrial motions.  The government shall have time until August 19, 2011 to respond to any pretrial motion filed by any defendant in this matter.  A hearing upon any motions filed shall be scheduled for August 31, 2011 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2011 at Topeka, Kansas.

                                      s/Richard D. Rogers
                                      United States District Judge